# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VALLEY ROD & GUN CLUB,<br><br>    Plaintiff,<br><br>        v.<br><br>CHESAPEAKE APPALACHIA, LLC,<br><br>    Defendant,<br><br>ANADARKO E&P COMPANY, LP and STATOIL ONSHORE PROPERTIES, INC.,<br><br>    Co-Defendants. | CIVIL ACTION NO. 3:CV-13-0725<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendant Statoil Onshore Properties, Inc's ("Statoil") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Doc. 24.) Because a discretionary extension of time to effect service on Statoil is warranted in this case, the motion to dismiss will be denied without prejudice.

## **I. Background**

On or about February 5, 2013, Valley Rod & Gun Club commenced this action in the Court of Common Pleas of Bradford County, Pennsylvania against Defendants Statoil, Chesapeake Appalachia, L.L.C., and Anadarko E&P Company, LP, now known as Anadarko E&P Onshore LLC. The Complaint asserts claims for trespass (Count I) and Misappropriation/Conversion (Count II).

On March 19, 2013, Defendant Chesapeake removed the action to this Court based on diversity of citizenship. (Doc. 1.) Thereafter, on March 26, 2013, Defendants Chesapeake and Anadarko filed motions to dismiss the complaint. (Docs. 5; 7.) The motions to dismiss were granted in part and denied in part. *See Valley Rod & Gun Club v. Chesapeake Appalachia LLC*, No.13-0725, 2013 WL 2393003 (M.D. Pa. June 3, 2013).

Having not been served with Plaintiff's Complaint, Statoil, on June 28, 2013, filed the instant motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. 24.) The motion has now been fully briefed and is ripe for disposition.

## II. Discussion

Federal Rule of Civil Procedure 12(b)(5) enables a court to dismiss a case for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *Reed v. Weeks Marine, Inc.*, 166 F. Supp. 2d 1052, 1054 (E.D. Pa. 2001) (citing *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488-89 (3d Cir. 1993)).

Under the Federal Rules of Civil Procedure, service of process upon a corporation, partnership, or association is governed by Rule 4(h). *See* Fed. R. Civ. P. 4(h). Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . .

Fed. R. Civ. P. 4(h). Rule 4(e)(1) provides for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Thus, service of process upon a corporation can be made either under relevant state law requirements or by delivery upon an authorized agent.

2

Under the state law method, Pennsylvania Rule of Civil Procedure 424 provides that:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.
>
> Note: Substituted service pursuant to Rule 402(a)(2) upon a corporation or similar entity is not permitted by this rule.

Pa. R. Civ. P. 424.

Rule 4(m) of the Federal Rules of Civil Procedure sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

Here, Plaintiff advances two arguments in support of its claim that Statoil was properly served. First, Plaintiff asserts that Anadarko and Statoil are partners or joint venturers, and Anadarko accepted service for the joint enterprise. Second, Plaintiff maintains that Anadarko is Statoil's authorized agent, and it accepted service on Statoil's behalf.

Plaintiff's arguments are unconvincing. With respect to its claim that Statoil and Anadarko are partners or joint venturers, Plaintiff has not identified any joint venture entity or collective partnership. Instead, Plaintiff simply points to the following clause of a Ratification and Amendment of Oil and Gas Lease:

3

> **WHEREAS**, the Lease is now owned by Anadarko E&P Company LP, a Delaware limited partnership, Chesapeake Appalachia, L.L.C., an Oklahoma limited liability company and Statoil USA Onshore Properties Inc., a Delaware corporation, as successor to StatoilHydro USA Onshore Properties, Inc. ("Lessees"), . . .

(Doc. 25, Ex. A.) This lease provision does not establish that Defendants are partners or joint venturers in a collective joint venture entity. Rather, use of the phrase "now owned by" all three entities suggests that they were not in a partnership or joint venture. This finding is further supported by the fact that the agreement provides for signatures by representatives of all three entities.

Plaintiff also fails to establish that Anadarko was Statoil's authorized agent. Under Pennsylvania Rule 424, service can be made to an agent authorized by the corporation or entity "in writing" to receive service for it. *See* Pa. R. Civ. P. 424(3). Here, there is no writing in the record evincing Anadarko's authority to accept service for Statoil. Nor has Plaintiff otherwise substantiated or supported its claim that Anadarko was authorized to accept service on Statoil's behalf.

As a result, Plaintiff fails to meet its burden to establish that Statoil was properly served in this action. And, because Statoil has sought dismissal by motion and more than 120 days have elapsed since the complaint was filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, under Rule 4(m), "[t]he district court first determines whether good cause exists for a plaintiff's failure to effect timely service. If good cause exists, the extension must be granted. If good cause does not exist, the district court must consider whether to grant a discretionary extension of time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (citation and internal citations omitted).

A showing of good cause "requires a demonstration of good faith on the part of the

4

party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Indeed, the "primary focus" of the good cause inquiry "is on the plaintiff's reasons for not complying with the time limit in the first place." *Boley*, 123 F.3d at 758 (quoting *MCI*, 71 F.3d at 1097). There is nothing in the record to warrant a finding of good cause to excuse Plaintiff's failure to effect timely service on Statoil.

However, even if good cause is not shown, a district court may grant a discretionary extension of time for service. *See Boley*, 123 F.3d at 758.

> A district court may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing Fed. R. Civ. P. 4(m) Notes of Advisory Committee on 1993 amendments; *Boley*, 123 F.3d at 759). The plaintiff bears the burden of demonstrating a sufficient reason as to justify the exercise of the court's discretion. *Hardina v. Panera Bread Cadle, LLC*, No. 11-cv-1527, 2012 WL 1607397, at *2 (M.D. Pa. May 8, 2012); *see also McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (affirming the district court's denial of extension where it concluded that the plaintiff had demonstrated no basis to justify extension).

Considering the circumstances of this case, a discretionary extension of time to effectuate service is appropriate. Based on the record, it appears that Statoil had actual notice of the pending legal action. Thus, this factor weighs in favor of granting an extension of time. Additionally, there has been no argument raised by Statoil that it would be prejudiced if an extension of time was granted. As the failure to serve Statoil has delayed this litigation by only a few months, Statoil's ability to defend this action has not been seriously impaired. This factor weighs strongly in favor of an extension. Moreover, because

the statute of limitations does not appear to be at issue in this case, if the action were dismissed as to Statoil, Plaintiff would simply re-file the Complaint. The interests of judicial economy weigh in favor of the Court exercising its discretion to extend the time period to effect service. However, weighing against a discretionary extension is the fact that Plaintiff is represented by counsel who presumably is well acquainted with the Pennsylvania and Federal Rules of Civil Procedure. *See Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 529 (M.D. Pa. 2010). Nevertheless, on balance, the relevant considerations justify a discretionary extension of time to allow Plaintiff to serve Statoil. Plaintiff will be afforded thirty (30) days from the date of the accompanying Order to effectuate service on Statoil.

### III. Conclusion

For the above stated reasons, Statoil's motion to dismiss pursuant to Rule 12(b)(5) will be denied without prejudice. Plaintiff will have thirty (30) days to effect service on Statoil.

An appropriate order follows.


August 13, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge